**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Julia Dynek, | No. CV-26-03180-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff Office, et al., | |
| Defendants. | |

On May 7, 2026, the Court reviewed Plaintiff's then-pending application to proceed in forma pauperis ("IFP") and denied it without prejudice. (Doc. 7.) The Court stated as follows:

> Plaintiff lives in a $690,000 house in Fountain Hills and drives a 2018 Audi A5 luxury car. (*Id.* at 3.) Her previous job, where she worked from 2022 through 2024, paid $10,000 per month ($120,000 annually), and before that, from 2017 through 2022, she worked at a job where she earned $17,000 per month ($204,000 annually). (*Id.* at 2.) Plaintiff has no dependents. (*Id.* at 3.) However, she attests that her income has been $0 per month for the past twelve months, with a cryptic explanation: "all gone due to maggots and anthrax." (*Id.* at 1-2.) In the section of the form that provides an opportunity to "[p]rovide any other information that will help explain why you cannot pay the costs of these proceedings," Plaintiff wrote "[illegible], color of law, fed WB retaliation original source outliner 2 – rewards collected." (*Id.* at 5.)

> "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Plaintiff has not met that standard here.

(Doc. 7 at 1-2.) The Court set a May 29, 2026 deadline for Plaintiff to either pay the filing fee or file a renewed IFP application which "provides a comprehensible explanation of Plaintiff's financial situation." (*Id.* at 2.)

On May 29, 2026, Plaintiff submitted a renewed IFP application. (Doc. 8.) The renewed application avers to facts that are inconsistent with her previous application. She states that her average monthly income for the past 12 months has been "$333 x 10 payments," for a total average monthly income of "300." Not only does this contradict her previous assertion that her average monthly income for the past 12 months was $0, but it is also inherently contradictory. There is also no explanation for why she expects that next month, her income will still be $0 from employment but her unemployment payments will increase to $1,200. Plaintiff's first IFP application averred that she made $10,000 per month at her employment at Laser Away in Beverly Hills from 2022-24, but her second IFP application revises her monthly income at Laser Away during this timeframe to $6,000 per month. Similarly, her first IFP application averred that she made $17,000 per month at her employment at Clear Choice in Phoenix from 2017-22, but her second IFP application revises her monthly income at Clear Choice during this timeframe to $14,000 per month—and also suggests that her employment at Clear Choice did not end until October 2023 and that her position with Laser Away was "remote," such that she was earning income from both positions for well over a year. At any rate, having demonstrated high earning potential, once again Plaintiff's only explanation for why she "can't work – or work at times" is "Maggots and Anthrax." (*Id.* at 5.) Plaintiff continues to aver that she lives in a house in Fountain Hills but indicates in her second IFP application that the house is worth only $590,000-$650,000, not $690,000, as she averred a few weeks earlier.

Plaintiff's renewed IFP application is internally inconsistent and contradicts her earlier application, and at any rate, it fails to provide a comprehensible explanation of Plaintiff's financial situation. She drives a luxury vehicle, has demonstrated high earning potential, and has twice failed to explain why she has been unable to secure employment since May 2024. The Court concludes that Plaintiff does not meet the standard for proceeding IFP.

Accordingly,

**IT IS ORDERED** that Plaintiff's Application for Leave to Proceed In Forma

Pauperis (Doc. 2) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the filing fee by **June 26, 2026**. If Plaintiff fails to pay the filing fee by this deadline, the Clerk of Court shall dismiss this action without further notice.

Dated this 5th day of June, 2026.

_____
Dominic W. Lanza
United States District Judge